IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Lee Tucker,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-1909-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his criminal convictions in the Maricopa County Superior Court, State of Arizona, Case No. CR 110385. (Doc. 7) Respondents have filed an Answer to Petition for Writ of Habeas Corpus (the "Answer") and Petitioner has filed a Reply. (Docs. 15, 16) As explained below, the undersigned Magistrate Judge recommends the Petition be denied as untimely.

**I. Background**

    **A. Guilty Plea and Sentencing**

On December 8, 1980, Petitioner pled guilty to two counts of Armed Robbery, each a Class Two dangerous felony under Arizona law. (Doc. 15, Exh. A[1]) Petitioner was sentenced on December 29, 1980, to seven years in prison for each count, the terms to run

---

[1] The Honorable Robert L. Myers presided over the change-of-plea hearing and sentencing.

concurrently. (Doc. 15, Exh. B) Petitioner did not file a direct appeal to the Arizona Court of Appeals.[2]

### B. State Post-Conviction Proceedings

According to portions of the state-court record provided by Respondents, Petitioner filed nothing in the State court challenging his convictions until March 22, 2011. On that day, he filed in the Superior Court a "Motion of Petition for the Court to Take Mandatory Judicial Notice." (Doc. 15, Exh. C) The motion lists two Maricopa County Superior Court case numbers, the one at issue in the instant Petition, CR-110385, and CR-159112. The second case number is the subject of a second habeas petition filed by Petitioner in CV-12-1912-PHX-NVW (LOA), for which a second Report and Recommendation is being issued simultaneously herewith.

On October 11, 2011, Petitioner filed in the Superior Court a document titled "Acceptance of Contract," which is in the form of a letter to Attorney General Tom Horne. (Doc. 15, Exh. D) On December 6, 2011, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Doc. 15, Exh. E) The Court of Appeals dismissed the matter on December 9, 2011, because "the trial court ha[d] not entered any final order in post-conviction relief proceedings." (Doc. 15, Exh. F)

On December 15, 2011, the Superior Court issued an order, addressing Petitioner's "Motion of Petition for the Court to Take Mandatory Judicial Notice," filed on March 22, 2011, and Petitioner's "Acceptance of Contract," filed on October 11, 2011. (Doc. 15, Exh. G) The order provides a brief procedural history of both Superior Court cases referenced above. (*Id.*) With regard to CR-110385, the case being challenged in the instant Petition, the Superior Court explained that Petitioner pled guilty to two counts of armed robbery in December 1980 and was sentenced to prison. (*Id.*) The court further explained that Petitioner

---

[2] Under current Arizona law, a defendant who pleads guilty waives his right to a direct appeal. *See* A.R.S. § 13-4033(B). At the time Petitioner pled guilty, however, he had the right to seek direct review of his convictions. *See State v. Stevens*, 173 Ariz. 494, 495 (Az.Ct.App. 1992) (holding that the Arizona Court of Appeals retained direct appeal jurisdiction over convictions imposed pursuant to plea agreements entered before September 30, 1992).

1 did not file a direct appeal and did not seek post-conviction relief until he filed the "Motion of Petition for the Court to Take Mandatory Judicial Notice," which the Superior Court construed as a notice of post-conviction relief.[3] (*Id.*)  The Superior Court found the notice to be timely because it was the first one filed in this matter and, at the time Petitioner was sentenced, there was no time limit for seeking post-conviction relief. (*Id.*) (citing *Moreno v. Gonzalez*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (Ariz. 1998)).  Consequently, the Superior Court appointed counsel to represent Petitioner and allowed the matter to proceed. (*Id.*)

On January 18, 2012, Petitioner filed a Petition for Review in the Arizona Court of Appeals in which he challenged the trial court's dismissal of post-conviction proceedings as to CR-159112.  (Doc. 15, Exh. I)  Petitioner "reserve[d] the opportunity" to seek review in CR-110385 if it became necessary at a later time.  (*Id.*)  The Court of Appeals treated the Petition for Review as a Petition for Special Action, at least as to CR-159112, and declined jurisdiction on February 3, 2012.  (Doc. 15, Exh. J)  As to CR-110385, it appears the Court of Appeals treated the filing as a Petition for Review. (Doc. 15, Exh. K)  On August 8, 2013, the Arizona Court of Appeals denied the Petition for Review.  (Doc. 17 at 4)

Although the trial court appointed counsel to represent Petitioner in his post-conviction proceedings in CR-110385, Petitioner stated in a letter filed in the trial court that he did not want court-appointed counsel to assist him.  (Doc. 15, Exh. L)  On February 13, 2012, the attorney appointed to represent Petitioner filed a Notice of Completion of Post Conviction Review by Counsel; Request for 45-Day Extension of Time to Allow Defendant to File *Pro Per* Petition for Post-Conviction Relief. (Doc. 15, Exh. N)  Counsel stated in the Notice of Completion that, based on Petitioner's letter, he did not conduct a review of the record to determine if there were any grounds for post-conviction relief.  (*Id.*)   Counsel

---

[3] In the same order, the Superior Court dismissed the post-conviction proceedings in the other case, CR-159112, even though that case number was included on the "Motion of Petition for the Court to Take Mandatory Judicial Notice." (Doc. 15, Exh. G) In the other case, Petitioner had already filed a notice of post-conviction relief on June 6, 1988. (*Id.*) Accordingly, the Superior Court treated the new notice of post-conviction relief as successive and found the claims were precluded.  (*Id.*)

further requested Petitioner be granted an extension of time to file his own post-conviction petition. (*Id.*) The trial court subsequently issued an order on February 28, 2012, granting Petitioner time to file a *pro per* post-conviction petition and directing counsel to remain on the case in an advisory capacity until the trial court issued a final ruling on Petitioner's post-conviction proceedings. (Doc. 15, Exh. O)

In the meantime, Petitioner filed a Notice to Court on February 21, 2012, which was construed as a *pro se* petition for post-conviction relief. (Doc. 15, Exhs. P, Q) On March 9, 2012, the State of Arizona filed a Motion to Dismiss Post-Conviction Relief Petition Without Prejudice, in which the State argued Petitioner failed to comply with the applicable rules for post-conviction petitions in the Arizona Rules of Criminal Procedure. (Doc. 15, Exh. R) In a March 15, 2012 minute entry, the trial court granted the State's motion and struck the post-conviction petition. (Doc. 15, Exh. R) The trial court granted Petitioner thirty days to file a revised petition that complied with the applicable rules. (*Id.*) When Petitioner failed to file a revised petition by the deadline, the trial court dismissed the post-conviction proceedings on May 11, 2012. (Doc. 15, Exh. T) There is nothing to indicate Petitioner sought review of the trial court's decision in the Arizona Court of Appeals.

### C. Federal Habeas Petition

On December 6, 2012, Petitioner filed his Amended Petition for Writ of Habeas Corpus in this District Court.[4] (Doc. 7) Petitioner raises fifteen grounds for relief in the Petition. In Ground One, Petitioner alleges the Maricopa County Superior Court had no jurisdiction over his case because it failed to prove its jurisdiction in response to Petitioner's jurisdictional challenge. In Ground Two, Petitioner alleges the Superior Court improperly construed his "Motion of Petition for the Court to Take Mandatory Judicial Notice," filed on

---

[4] Petitioner submitted the original Petition on August 31, 2012. (Doc. 1) The docket reflects the original Petition was actually filed on September 10, 2012. (*Id.*) The August 31, 2012 filing date is the date Petitioner signed the original Petition, doc. 1 at 18-19, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

- 4 -

March 22, 2011, as a petition for post-conviction relief. In Ground Three, Petitioner alleges the Superior Court defaulted when it failed to address a motion he filed on January 19, 2011, entitled "Motion for Void Judgment and Motion to Dismiss: No Contract." In Ground Four, Petitioner alleges the State statutes used to convict him in this matter did not have enacting clauses. Thus, he contends the Superior Court had no subject matter jurisdiction. In Ground Five, Petitioner alleges the Superior Court Judge who presided over the change-of-plea hearing and sentencing "did not have a valid and lawful oath of office secured by a fidelity bond on file." In Ground Six, Petitioner claims the Superior Court lacked subject matter jurisdiction because there are no original charging documents including an arrest warrant, an information, and a supporting affidavit. In Ground Seven, Petitioner alleges the United State and the State of Arizona are not sovereign. In Ground Eight, Petitioner alleges his identity was "concealed by novation" and an artificial person was named in the case. In Ground Nine, Petitioner alleges the United States and the State of Arizona are bankrupt and cannot participate in court actions. In Ground Ten, Petitioner alleges the statutes used to charge him in this case are copyrighted and not for public use. In Ground Eleven, Petitioner alleges the Superior Court was a commercial tribunal and not a criminal tribunal. In Ground Twelve, Petitioner alleges his criminal sentence in this matter was actually a debt for which he cannot be imprisoned. In Ground Thirteen, Petitioner alleges his sentence in this matter was unlawful because the Superior Court Judge's discretion was unlawfully restricted. In Ground Fourteen, Petitioner alleges a violation of the Interstate Compact when he was transported on July 2, 1980, from the Oregon State Penitentiary to the Maricopa County Jail for prosecution of the charges in this case. Lastly, in Ground Fifteen, Petitioner alleges his defense counsel from the Maricopa County Public Defender's Office committed fraud when he misrepresented the facts of the case to get Petitioner to sign a plea agreement.

On April 23, 2013, Respondents filed their Answer and supporting exhibits. (Doc. 15) Petitioner then filed his Reply on June 7, 2013. (Doc. 16)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not

filed within one year of the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Alternatively, Respondents contend the Petition fails to state any valid claims for relief as Petitioner's claims are vague, conclusory, and fail to specify the nature of any alleged constitutional violation. Respondents also argue Petitioner's claims are procedurally defaulted.

Because the information presented clearly establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative arguments.

**A. Legal Standards**

The AEDPA[5] imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > 
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > 
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > 
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[5] The AEDPA, which was enacted on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

- 6 -

pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely."). Filing a new petition for post-conviction relief, however, does not reinitiate a limitations period that ended before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their habeas petitions. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, absent any tolling, the deadline to file a habeas petition under these circumstances was April 24, 1997. *Id.* at 1246.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, Petitioner's judgments of conviction and sentences for the two armed robbery counts were imposed on December 29, 1980. (Doc. 15, Exh. B) At that time, Petitioner had twenty days to file a notice of appeal. *See* former Rule 31.3, Ariz. R. Crim. P.; *see also State*

*v. Williams*, 122 Ariz. 146, 153, 593 P.2d 896, 903 (Ariz. 1979) (establishing that the 20-day time limit to file a notice of appeal at the time of Petitioner's convictions in 1980). As a result of Petitioner's failure to file an appeal, his convictions became final upon the expiration of the time to seek direct review, which was January 19, 1981. *See* 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (judgment became final on the date the petitioner allowed his time to seek review in the Arizona Supreme Court to expire).

Because Petitioner's convictions became final well before the AEDPA was enacted in 1996, he had a one-year grace period, until April 24, 1997, to file a habeas petition. *See Patterson*, 251 F.3d at 1245. As indicated above, Petitioner submitted the original Petition to this Court on August 31, 2012, more than fifteen years after the deadline.

Additionally, statutory tolling of the limitations period is inapplicable here. Petitioner's "Motion of Petition for the Court to Take Mandatory Judicial Notice," construed as a petition for post-conviction relief, was not filed until March 22, 2011, almost fourteen years after the limitations period had expired. As a result, the petition for post-conviction relief did not toll, or otherwise have an impact on, the limitations period. *See Ferguson*, 321 F.3d at 823. For these reasons, the Petition is untimely.

**2. Equitable Tolling**

As referenced above, the limitations period set forth in § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct. at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is not available in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's

1 ignorance of the law and lack of legal sophistication do not constitute "extraordinary 2 circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th 3 Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack 4 of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v.* 5 *United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting 6 movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal 7 sophistication and stating: "we have never accepted *pro se* representation alone or procedural 8 ignorance as an excuse for prolonged inattention when a statute's clear policy calls for 9 promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or 10 ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*, 11 558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating 12 it is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter* 13 *alia*, *Holland*, 130 S.Ct. at 2562).

14 Here, Petitioner has failed to show extraordinary circumstances stood in his way and 15 prevented him from filing a timely petition. In the section of the Petition that directed 16 Petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not 17 bar the Petition, Petitioner simply asserted, without explanation, that it does not apply. (Doc. 18 7 at 24) Petitioner also addressed the timeliness issue in his Reply, writing he had never 19 heard of the AEDPA and was "suspicious" of whether Respondents are correctly applying 20 the statute to this case. (Doc. 16 at 8) Thus, Petitioner has presented no basis to apply 21 equitable tolling.

22 **C. Conclusion**

23 For the foregoing reasons, this Magistrate Judge finds Petitioner filed the Petition after 24 the limitations period expired. In addition, this Magistrate Judge finds no basis to apply 25 statutory tolling or equitable tolling. Consequently, the Petition is barred by the AEDPA's 26 statute of limitations.

27 Based on the foregoing,

28 **IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus,

1 pursuant to 28 U.S.C. § 2254, doc. 7, be **DENIED**;

2 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 25th day of November, 2013.

Lawrence O. Anderson
United States Magistrate Judge